IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**WENDELL L. CRUSE,**

    **Plaintiff,**

                              **Civil Action 2:18-cv-01543**
                              **Judge Michael H. Watson**
    v.                            **Chief Magistrate Judge Elizabeth P. Deavers**


**SHELLEY PHAN,**

    **Defendant.**


### REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's Order that Plaintiff submit the required filing fee or application for leave to proceed *in forma pauperis* and certified trust fund statement. (ECF No. 5.) For the following reasons, it is **RECOMMENDED** that Plaintiff's action be **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

### I.

"When a prisoner files a complaint in the district court, the inmate must either pay the entire filing fee, or request leave to proceed *in forma pauperis* 'without prepayment of fees or security therefor' under 28 U.S.C. § 1915(a)(1)." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997) (citing 28 U.S.C. § 1915(a)(1)). "Submission of a sufficient affidavit and a certified trust fund account in accordance with [§ 1915(a)(2)] are statutory requirements for proceeding *in forma pauperis*." *McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL

2147001, at *1 (E.D. Mich. May 16, 2013) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (overruled on other grounds)).

The United States Court of Appeals for the Sixth Circuit describes the Court's responsibility when an inmate has failed to pay the filing fee or submit the required forms as follows:

> If an inmate not paying the full filing fee fails to provide an affidavit of indigency or trust account statement, the district court shall notify the prisoner of the deficiency and the prisoner shall have thirty (30) days from the date of the deficiency order to correct the error or pay the full filing fee. If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution. If the case is dismissed under these circumstances, it will not be reinstated to the district court's active docket despite the payment of filing fees.

*In re Prison Litig. Reform Act*, 105 F.3d at 1132.

Plaintiffs have an affirmative duty to notify the Court of any change in address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, he had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Petitioner demonstrates a lack of prosecution of his action."); S.D. Ohio Guide for *Pro Se* Civil Litigants, p. 14 ("[I]f your address or phone number changes, you must promptly notify the Court, in writing, of your new contact information.").

**II.**

Plaintiff filed a Complaint on November 29, 2018. (ECF No. 2.) On November 30, 2018, the Court issued a Notice of Deficiency to Plaintiff regarding the lack of the required filing fee or motion to proceed *in forma pauperis*. (ECF No. 3.) The deadline to cure this deficiency was December 31, 2018. On December 26, 2018 the mail sent to Plaintiff regarding the Notice of Deficiency was returned to the Court as undeliverable. (ECF No. 4.) A search on the Delaware Ohio County Jail Current Inmate Listing does not show Plaintiff's name.

On December 27, 2018, the Undersigned issued an Order directing Plaintiff, within twenty-one (21) days of the date of the Order to pay the filing fee or submit an *in forma pauperis* application and certified copy of his inmate trust fund account for the preceding six-month period. Furthermore, the Order directed Plaintiff to provide the Court with confirmation of his most recent address within twenty-one (21) days. Plaintiff was cautioned that failure to do so would result in dismissal of his case for failure to prosecute. *See Kosher v. Butler Cnty. Jail*, No. 1:12-cv-51, 2012 WL 4808546, *2 (S.D. Ohio Sept. 9, 2012) (citing *Buck v. U.S. Dep't of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 608-09 (6th Cir. 1992) ("Without such basic information as a Plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.") (Report and Recommendation Adopted); S.D. Ohio Guide for *Pro Se* Civil Litigants, p. 14 ("**If you fail to keep the Court informed of your current address/telephone number, your case may be dismissed for lack of prosecution**." (emphasis in original)).

Plaintiff has failed to pay the filing fee or submit an application to proceed *in forma pauperis* together with a certified trust fund. He has not updated his address with the Court. Furthermore, mail sent to Plaintiff was returned to the Court as undeliverable. (ECF Nos. 6 &

7.) Accordingly, under the circumstances presented in this case, the Undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b).

### III.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, the Court cautioned Plaintiff that failure to comply would result in dismissal of this action for failure to prosecute pursuant to Rule 41(b). *See Stough v. Mayville Cmty. Schs.*, 138

F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiff has missed deadlines and disregarded Court orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITH PREJUDICE** under Rule 41(b).

### IV.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

5

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: January 24, 2019 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE